## CIRCUIT COURT OF THE CITY OF ROANOKE

L. Anne Piner

v.

Krisch Hotels, Inc.,
t/a Sheraton Airport Inn

April 30, 1992

Case No. CL89–65

BY JUDGE DIANE MCQ. STRICKLAND

[In this] petition to intervene, the Court has reviewed the authority submitted on behalf of the intervenor and the plaintiff and writes to issue its ruling.

The background facts are that L. Anne Piner was attending an employment-related meeting at the Sheraton Airport Inn owned by Krisch Hotels on February 3, 1987, when she was injured in a fall. Her employer, the U. S. Chamber of Commerce, voluntarily made workers' compensation payments. Ms. Piner thereafter filed a claim for additional compensation benefits, which claim was denied based on the statute of limitations, Va. Code §65.1–87 (now § 65.2–601), which denial was affirmed by the Workers' Compensation Commission. In the case before the Court, Ms. Piner has sought recovery for her injuries from a third party, and her employer has petitioned to intervene to assert a lien pursuant to Va. Code § 65.1–42 (now § 65.2–310) for the payments previously made.

Va. Code § 65.1–42 (now § 65.2–310) provides that:

> In any action by such employee . . . against any person other than the employer, the Court shall, on petition or motion of the employer at any time prior to verdict ascertain the amount of compensation paid and expenses for medical, sur-

gical and hospital attention and supplies . . . incurred by the employer under the provisions of this Act and . . . the Court shall in its order require that the judgment debtor pay such compensation and expenses of the employer, less said share of expenses and attorney's fees, so ascertained by the Court out of the amount of the judgment, so far as sufficient, and the balance, if any, to the judgment creditor.

The voluntary payments made by Ms. Piner's employer were made pursuant to the Act for lost wages and medical benefits following her work-related injury. In making these voluntary payments, the employer recognized that the plaintiff had "a lawful claim" against it for compensation under the Workers' Compensation Act. The fact that the plaintiff's "lawful claim" was thereafter barred by the statute of limitations does not adversely affect the employer's right to assert its lien pursuant to § 65.1–41 (now § 65.2–310). To so rule would cause this Court to be in conflict with the position asserted by the Virginia Supreme Court in *Noblin v. Randolph Corp.*, 180 Va. 345, 23 S.E.2d 209 (1942), that the employee is prohibited from receiving a double recovery from her injuries. It would also require this Court to disregard the mandatory language of Va. Code § 65.1–42 (now § 65.2–306).

Accordingly, this Court grants the U. S. Chamber of Commerce's petition to intervene in this action to assert its lien pursuant to Va. Code § 65.1–42 (now § 65.2–306).